UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| JOSEPH PRICE,           Movant,<br><br>v.<br><br>UNITED STATES OF AMERICA,           Respondent. | CR418-198<br>CV424-065 |

### REPORT AND RECOMMENDATION

Joseph Price was convicted, after pleading guilty, of one count of possession of a stolen firearm in violation of 18 U.S.C. §§ 922(j) and 924(a)(2). *See* doc. 17 at 1 (Judgment).[1] He was sentenced to 105 months of incarceration and a three-year term of supervised release. *See id.* at 2-3. He did not appeal. *See* doc. 20 at 2. He filed the instant motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. *See generally id.* Preliminary review, pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings, shows that his motion should be **DENIED**. Doc. 20.

---

[1] The Court cites to the criminal docket in CR418-198 unless otherwise noted.

1

Price's Motion asserts only a single ground for relief. *See* doc. 20 at 4-9. He asserts that § 922(j) is unconstitutional because it violates the Second Amendment, as interpreted in *New York State Rifle & Pistol Assn., Inc. v. Bruen*, 597 U.S. 1 (2022). *See* doc. 20 at 4, 20-23. Although there is no binding authority addressing such claims, courts have been skeptical, to say the least. *See, e.g., United States v. Rivera*, 2024 WL 1095745, at *2 (N.D. Ga. Mar. 12, 2024) ("Just as those courts did, this Court concludes that the 'law abiding' qualifier used in both *Heller* and *Bruen* coupled with the clarification in *Heller* that the opinion did not 'cast doubt' on the prohibitions of felons possessing firearms supports a finding that § 922(j) is constitutional," and collecting cases (citations omitted)); *see also, e.g., United States v. Lewis*, ___ F. Supp. 3d ___, 2023 WL 4604563, at *17 (S.D. Ala. July 18, 2023) ("It is difficult to overstate the implausibility of the defendant's argument[,]" that § 922(j) violates the Second Amendment, after *Bruen*); *United States v. Gates*, 2020 WL 8484803, at *6 (N.D. Ga. Oct. 7, 2020) (rejecting constitutional challenge to § 922(j)). Since it is clear, as explained below, that Price's Motion is untimely, the Court need not consider the merits of his claim, however dubious they may be.

A motion to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255 must be filed within one-year of either:

> (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). To the extent that Price asserts his Motion is timely, he does so based upon the issuance of *Bruen*. *See* doc. 20 at 18. His invocation of the Supreme Court's opinion implies that he asserts that his Motion is timely under § 2255(f)(3).[2] However, as this Court has explained, "[c]ourts in the Eleventh Circuit have correctly held *Bruen* does not satisfy the criteria in 28 U.S.C. § 2255(f)(3) to restart the clock for filing a § 2255 motion." *Parks v. United States*, 2023 WL 4406026, at

---

[2] Since Price did not appeal his conviction, the judgment became final on November 1, 2018, when the time for filing an appeal expired. *See* Fed. R. App. P. 4(b)(1)(A)(i); *see also, e.g., Murphy v. United States*, 634 F.3d 1303, 1307 (11th Cir. 2011). He, therefore, had until November 1, 2019 to file his § 2255 motion, pursuant to § 2255(f)(1). His filing on March 27, 2024, *see* doc. 20 at 13; *see also, e.g., Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001), is years too late. The other subsections of § 2255(f) are not plausibly implicated.

3

\*2 (S.D. Ga. July 7, 2023), *adopted* 2023 WL 4915046 (S.D. Ga. Aug. 1, 2023).

Price's Motion, even if untimely, might still be viable if he could establish either that he is entitled to equitable tolling or that his claim asserts that he is "actually innocent." *See, e.g., Mims v. United States*, 758 F. App'x 890, 892 (11th Cir. 2019) (citing *McQuiggen v. Perkins*, 569 U.S. 383, 386 (2013)) ("[A] showing of actual innocence provides an exception to the time-bar under [the Antiterrorism and Effective Death Penalty Act]."). It is the movant's burden to establish either actual innocence or the appropriateness of equitable tolling. *Lanier v. United States*, 769 F. App'x 847, 850 (11th Cir. 2019) ("The movant bears the burden of establishing his entitlement to equitable tolling."); *Isley v. United States*, 2011 WL 6955882, at \*5 (N.D. Ga. Sept. 22, 2011) (citing *United States v. Montano*, 398 F.3d 1276, 1285 (11th Cir. 2005)) ("It is the Movant's burden to demonstrate actual innocence.").

Price does not assert, and the Court cannot discern any basis for the assertion, that his filing was delayed by "extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Outler v. United States*, 485 F.3d 1273, 1280 (11th Cir.

2007) (internal citation and quotation omitted). He has, therefore, not borne his burden to establish the appropriateness of equitable tolling. His assertion of "actual innocence" simply misunderstands the meaning of that term. The Supreme Court has explained that " 'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623-24 (1998). Courts have rejected similar arguments, particularly where the statutes of conviction have not been found unconstitutional.[3] *See, e.g., United States v. Green*, 2022 WL

---

[3] It is not entirely clear that conviction under a statute subsequently determined unconstitutional asserts "actual innocence." As stated in *McQuiggin*, "[t]he miscarriage of justice exception, we underscore, applies to a severely confined category: cases in which new evidence shows it is more likely than not that no reasonable juror would have convicted the petitioner." 569 U.S. at 394-95 (internal quotation marks, alteration, and citation omitted). Courts have been skeptical or have outright rejected arguments that conviction under a subsequently invalidated statute qualifies as "actual innocence." *See Lund v. United States*, 913 F.3d 665, 667-68 (7th Cir. 2019) ("[T]his Court has never explicitly held that [the actual innocence exception to § 2255(f)'s statute of limitations] can be used in situations where a subsequent change to the scope of a law renders the conduct the petitioner was convicted for no longer criminal."); *see also, e.g., Fernandez v. United States*, 2018 WL 10447093, at *4 n. 3 (S.D. Fla. Feb. 20, 2018); *Stallworth v. Siebel*, 2016 WL 3392261, at *1 (C.D. Cal. June 13, 2016) (". . . Petitioner fails to cite, and the Court cannot find, any case in which an untimely federal habeas petition was considered on the merits solely because the petitioner claimed to have been convicted under an unconstitutional statute."); *Dunkerly v. Estes*, 2014 WL 3063563, at *2 n. 2 (S.D. Ala. July 7, 2014) (explaining that the argument "that [a petitioner] is actually innocent because the statute under which he was convicted is unconstitutional," raises "a claim of legal insufficiency and, as such, does not satisfy the actual innocence exception."); *Evans v. Birkett*, 2012 WL 86800, at *4 (E.D. Mich. Jan. 11, 2012) (argument that "the statute for which Petitioner was convicted is unconstitutional[,] . . . asserts a claim of legal innocence, and the miscarriage-of-justice exception to the statute of limitations is concerned with actual innocence as compared to legal innocence." (internal quotation marks and citation omitted)). *But see, Alexander v. Johnson*, 217

5

17718659, at *2 (N.D. Fla. Nov. 14, 2022) ("Defendant's claim of actual innocence is premised on his belief that 18 U.S.C. § 922(g)(1) violates the Second Amendment.  That is incorrect.").

Since Price's Motion is untimely, and he does not establish any exception to the one-year statute of limitations, it should be **DENIED**, doc. 20, and civil action CV424-065 should be **DISMISSED** in its entirety.

Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1–2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue either.  28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts ("The district court must issue or deny a certificate

---

F. Supp. 2d 780, 792 (S.D. Tex. 2001) ("Here, [Petitioner] has made a showing of actual innocence, because he cannot be held to have violated the facially unconstitutional statute upon which the revocation of his parole was based." (citing *Heitt v. United States*, 415 F.2d 664, 666 (5th Cir. 1969)).

Moreover, the Seventh Circuit has found it " 'doubtful' that a petitioner's actual innocence claim and claim for relief on the merits can be the same." *Lund*, 913 F.3d at 668. *Lund* explained that, if a federal habeas petitioner could rely on the Supreme Court's determination that a statute was unconstitutional as a basis for an "actual innocence" claim, it would render the specific limitation imposed under § 2255(f)(3) superfluous; "[e]very time there is a retroactive interpretation of a criminal law, petitioners convicted under it would have an initial § 2255 claim based on the new interpretation indefinitely." *Id*. at 669.

of appealability when it enters a final order adverse to the applicant") (emphasis added).

This report and recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*,

648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED AND REPORTED AND RECOMMENDED**, this 8th day of April, 2024.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA